Mark Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

Attorney for Plaintiff and those similarly situated

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OWEN SUTTON, individually and on behalf of all others similarly situated, | § § | Case No. 3:26-cv-01520 |
| Plaintiff, | § § | FIRST AMENDED CLASS ACTION COMPLAINT |
| v. | § § | JURY TRIAL DEMANDED |
| DOES 1 through 10, inclusive, | § § | |
| Defendants. | § § § | |

Plaintiff Owen Sutton ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this First Amended Class Action Complaint against Defendants Does 1 through 10 (the "Doe Defendants" or "Defendants"), and alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a consumer-protection class action arising from Defendants' practice of placing telemarketing calls that deliver artificial or prerecorded voice messages to consumers' telephones without prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Texas Business and Commerce Code.

2. The TCPA makes it unlawful to make any call using an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service, and to initiate any telephone call to a residential telephone line using an artificial or prerecorded voice, in each case without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B).

3. Texas law provides a private right of action to any person who receives a telephone communication that violates the TCPA, see Tex. Bus. & Com. Code § 305.053, and independently prohibits a seller from making a telephone solicitation to a purchaser located in Texas unless the seller holds a Texas registration certificate, see id. § 302.101.

4. Defendants' unlawful calls caused Plaintiff and the members of the proposed Classes concrete harm, including invasion of privacy, intrusion upon seclusion, nuisance, aggravation, wasted time, and the occupation of their telephone lines and devices. Plaintiff seeks statutory damages, injunctive relief, and attorneys' fees and costs on behalf of himself and the proposed Classes.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1331 because that claim arises under the laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367 because those claims arise from the same telephone calls, and the same common nucleus of operative fact, as Plaintiff's federal claim.

7. This Court has personal jurisdiction over Defendants because Defendants purposefully directed telemarketing calls into the State of Texas and this District, transacted business with and

solicited residents of this State, and caused tortious injury within this State, and Plaintiff's claims arise out of and relate to that conduct.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District—namely, the unlawful calls were received by Plaintiff in this District—and because Plaintiff resides in this District.

9. Assignment to the El Paso Division is proper because Plaintiff resides in Horizon City, El Paso County, Texas, and received Defendants' calls in El Paso County.

**PARTIES**

10. Plaintiff Owen Sutton is a natural person who resides in Horizon City, El Paso County, Texas. Plaintiff is the regular user, subscriber, and customary carrier of the cellular telephone number ending in 4866 (the "4866 Number").

11. Defendants Does 1 through 10 are the telemarketers, lead generators, and other persons or entities that placed, initiated, transmitted, or caused to be placed the telephone calls described below to Plaintiff and the Class members. Their true names and capacities are presently unknown to Plaintiff, who will amend this Complaint to allege their true names and capacities once ascertained through discovery.

12. Non-party Life Protect 24/7 Inc. ("Life Protect") is a Virginia corporation that markets and sells medical-alert monitoring devices and services to consumers nationwide, including in Texas, and obtains customers in substantial part through telemarketing and third-party lead generators. As alleged below, the call-back numbers stated in the prerecorded messages to Plaintiff connected to Life Protect's sales operation, and Life Protect sold Plaintiff a medical-alert device. Life Protect is not named as a defendant in this action; it is identified

because its records, and those of the relevant carriers and toll-free responsible organizations, are expected to identify the Doe Defendants who placed the calls.

## FACTUAL ALLEGATIONS

13. To generate sales leads, Life Protect uses, contracts with, and pays third-party telemarketers and lead generators—including, on information and belief, the Doe Defendants—who place telemarketing calls that direct consumers to call-back numbers that route to Life Protect's sales operation.

14. The 4866 Number is assigned to a cellular telephone service and is used by Plaintiff as a personal cellular telephone number.

15. Plaintiff never provided prior express consent—let alone prior express written consent—to Defendants or to anyone acting on their behalf to place artificial or prerecorded voice calls to the 4866 Number.

16. Plaintiff has no business relationship with Defendants that would authorize the calls, never requested information or calls from Defendants, and never provided the 4866 Number to Defendants for that purpose.

17. On or about January 3, 2024, at approximately 3:52 p.m., Plaintiff received a call to the 4866 Number from telephone number (651) 739-6122 that left an artificial or prerecorded voice message stating, in substance: "Hi there, this is to inform you that Spectrum has applied a 50% discount on your monthly bill to keep this offer active. Please call back at 833-381-0546 from 8 AM to 5 PM Pacific standard time, thank you."

18. On or about February 20, 2024, at approximately 12:19 p.m., Plaintiff received a call to the 4866 Number from telephone number (619) 582-0210 that left an artificial or prerecorded voice message stating, in substance: "Hi there, this is to inform you that Spectrum has applied a

50% discount offer on your monthly bill which is expiring today to keep this offer active. Please call back at 844-345-3898 from 8 AM to 5 PM Pacific standard time, thank you and have a great day."

19. On or about September 20, 2024, at approximately 3:58 p.m., Plaintiff received a call to the 4866 Number from telephone number (239) 421-2652 that left an artificial or prerecorded voice message stating, in substance: "Dear customer, this voicemail is to inform you that Spectrum is removing the 40% discount from your monthly bill as of today; to reactivate this offer immediately please call the number shown on your caller ID, thank you."

20. Each of the three calls delivered an artificial or prerecorded voice message. Plaintiff knew the messages were artificial or prerecorded because, among other things, the voice did not respond to or interact with Plaintiff, the message played automatically as a voicemail recording, and the calls used substantially identical, scripted wording delivered with an unnatural, machine-like cadence.

21. The three calls originated from telephone numbers bearing geographically dispersed and unrelated area codes—a Minnesota area code (651), a California area code (619), and a Florida area code (239)—none of which is associated with the location of the medical-alert sales operation to which the call-backs connected, reflecting that the calls were placed using spoofed or misleading caller identification as part of a mass, automated telemarketing campaign.

22. Acting on the prerecorded messages' instruction, Plaintiff called back the call-back number stated in the prerecorded message. The call-back number connected Plaintiff directly to Life Protect.

23. During that call-back, Life Protect solicited and sold Plaintiff a Life Protect medical-alert device and associated monitoring service.

24. On or about November 18, 2025, Life Protect shipped Plaintiff a medical-alert device and charged Plaintiff $59.99. The charge appeared on Plaintiff's checking-account statement with the merchant descriptor "MED ALERT 888-313-7236 VA." The telephone number 888-313-7236 is a telephone number of Life Protect, and "VA" reflects Life Protect's location in Virginia.

25. That the prerecorded calls' call-back number connected to Life Protect, that Life Protect then sold Plaintiff its medical-alert device, and that Life Protect charged Plaintiff for that device, together establish that the prerecorded calls were placed by the Doe Defendants as part of a telemarketing and lead-generation campaign that routed responding consumers to Life Protect's medical-alert sales operation.

26. On information and belief, the Doe Defendants place artificial or prerecorded voice calls that use varying and unrelated pretexts—such as purported discounts or account issues involving cable, internet, utility, tax, or loan accounts—to induce consumers to call back, and route those call-backs to medical-alert sales operations, including that of Life Protect. The "Spectrum" pretext used in the calls to Plaintiff was one such pretext, and the call-back number connected Plaintiff to Life Protect's medical-alert sales operation in precisely that manner.

27. On information and belief, at the time the calls were placed and caused to be placed, the Doe Defendants did not hold a registration certificate authorizing telephone solicitations to purchasers located in Texas.

28. Defendants placed, or caused to be placed, substantially similar artificial or prerecorded voice calls to thousands of other consumers, including other Texas residents, without their prior express consent, as part of the same telemarketing campaign and using the same or substantially similar equipment, scripts, call-back numbers, and practices.

29. Defendants' violations were knowing and willful. Defendants placed the calls using spoofed or misleading caller identification and a mass, automated dialing campaign, deliberately concealing their identities, disregarding consumers' rights under the TCPA, and proceeding without obtaining the prior express consent the TCPA requires.

30. Defendants' calls harmed Plaintiff and the members of the proposed Classes by invading their privacy, intruding upon their seclusion, causing nuisance and aggravation, wasting their time, depleting their device resources, and occupying their telephone lines.

31. The Doe Defendants placed, or caused to be placed, the calls described above, directly or through other persons or entities acting at their direction and on their behalf.

32. On information and belief, non-party Life Protect maintains records identifying the source of each customer lead and sale, the third-party vendors that supplied those leads, and the amounts paid for them; and the carriers and toll-free responsible organizations associated with the originating and call-back numbers maintain subscriber and routing records. Those records will identify the Doe Defendants who placed the calls.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and the following proposed Classes pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> Prerecorded Voice Class: All persons within the United States who, within four years before the filing of this Complaint through the date of class certification, received a call to a cellular telephone number or residential telephone line, placed by or on behalf of Defendants, that delivered an artificial or prerecorded voice message, and who did not provide prior express consent to receive such calls.
>
> Texas TCPA Class: All members of the Prerecorded Voice Class who received such a call at a Texas telephone number, or while located in Texas.
>
> Texas Registration Class: All members of the Prerecorded Voice Class who received such a call at a Texas telephone number, or while located in Texas, at a

time when Defendants did not hold a Texas telephone-solicitation registration certificate.

34. Excluded from the Classes are Defendants, their officers, directors, employees, and agents; the Court and its staff; and Plaintiff's counsel. Plaintiff reserves the right to modify or refine the Class definitions based on discovery.

35. Numerosity. The members of the Classes are so numerous that joinder of all members is impracticable. On information and belief, Defendants' telemarketing campaign reached thousands of consumers. The precise number and identities of Class members are ascertainable from Defendants' and the relevant carriers' and vendors' records.

36. Commonality. Common questions of law and fact predominate, including: whether Defendants placed or caused the calls; whether the calls used an artificial or prerecorded voice; whether Defendants obtained prior express consent; whether the calls violated the TCPA and therefore Texas Business and Commerce Code § 305.053; whether Defendants held the Texas telephone-solicitation registration certificate required by § 302.101; and whether Defendants' violations were knowing or willful.

37. Typicality. Plaintiff's claims are typical of the claims of the Class members because they arise from the same telemarketing campaign, the same conduct, and the same legal theories.

38. Adequacy. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests antagonistic to the Classes and has retained counsel experienced in TCPA and consumer class-action litigation.

39. Predominance and Superiority. Common questions predominate over any individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The statutory damages available to any individual member are

small relative to the burden and expense of individual litigation, and classwide treatment will conserve judicial resources and ensure consistent results.

40. Injunctive Relief. Defendants have acted on grounds generally applicable to the Classes, making final injunctive and corresponding declaratory relief appropriate under Rule 23(b)(2).

## FIRST CAUSE OF ACTION

Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)
Artificial or Prerecorded Voice Calls to a Cellular Telephone or Residential Line
(On behalf of Plaintiff and the Prerecorded Voice Class)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA separately makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," unless an exemption applies. 47 U.S.C. § 227(b)(1)(B).

43. Defendants—directly or through other persons acting on their behalf—made the calls identified above to Plaintiff's cellular telephone number, and caused substantially similar calls to be made to the cellular telephone numbers and residential telephone lines of the members of the Prerecorded Voice Class, using an artificial or prerecorded voice, without prior express consent.

44. Each such call constitutes a separate and distinct violation of 47 U.S.C. § 227(b)(1)(A)(iii) or § 227(b)(1)(B).

45. Plaintiff and each member of the Prerecorded Voice Class are entitled to statutory damages of at least $500 for each violation. 47 U.S.C. § 227(b)(3)(B).

46. Defendants' violations were knowing and/or willful, entitling Plaintiff and the Class to have the award trebled to up to $1,500 per violation. 47 U.S.C. § 227(b)(3).

47. Plaintiff and the Class are also entitled to a permanent injunction prohibiting Defendants from placing further artificial or prerecorded voice calls to cellular telephones or residential telephone lines without prior express consent. 47 U.S.C. § 227(b)(3)(A).

**SECOND CAUSE OF ACTION**
Violation of Texas Business and Commerce Code § 305.053
(Texas Telephone Consumer Protection Act)
(On behalf of Plaintiff and the Texas TCPA Class)

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [47 U.S.C. § 227 or] a regulation adopted under that provision … against the person who originates the communication …." Tex. Bus. & Com. Code § 305.053(a).

50. The elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

51. Defendants—directly or through other persons acting on their behalf—originated the artificial or prerecorded voice calls described above to Plaintiff and the members of the Texas TCPA Class, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) or § 227(b)(1)(B), and therefore in violation of Texas Business and Commerce Code § 305.053.

52. Plaintiff and each member of the Texas TCPA Class are entitled to an award of at least $500 in damages for each such violation. Tex. Bus. & Com. Code § 305.053(b)(1).

53. Defendants' violations were knowing and/or willful, entitling Plaintiff and the Texas TCPA Class to have the award trebled to $1,500 per violation. 47 U.S.C. § 227(b)(3); Tex. Bus. & Com. Code § 305.053(c)(1).

54. Plaintiff and the Texas TCPA Class are also entitled to a permanent injunction restraining Defendants from committing further violations. Tex. Bus. & Com. Code § 305.053(b)(2).

**THIRD CAUSE OF ACTION**
Violation of Texas Business and Commerce Code § 302.101
Failure to Obtain a Texas Telephone-Solicitation Registration Certificate
(On behalf of Plaintiff and the Texas Registration Class)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. Texas Business and Commerce Code § 302.101 provides that a seller "may not make a telephone solicitation … to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

57. The Doe Defendants made, or caused to be made, telephone solicitations to Plaintiff and the members of the Texas Registration Class, who are purchasers located in Texas, within the meaning of Texas Business and Commerce Code Chapter 302.

58. On information and belief, the Doe Defendants did not hold a registration certificate for the business location from which the solicitations were made at the time the calls were placed.

59. Each such solicitation violated § 302.101 and entitles Plaintiff and each member of the Texas Registration Class to statutory damages of $5,000 per violation, together with attorneys' fees and costs, pursuant to Texas Business and Commerce Code § 302.302.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court enter judgment in his and the Classes' favor and against Defendants as follows:

a. Certifying the proposed Classes, appointing Plaintiff as class representative, and appointing the undersigned as class counsel under Federal Rule of Civil Procedure 23;

b. Awarding statutory damages under 47 U.S.C. § 227(b)(3) of $500 per violation, trebled to $1,500 per violation for knowing and/or willful violations;

c. Awarding statutory damages under Texas Business and Commerce Code § 305.053 of at least $500 per violation, trebled to $1,500 per violation for knowing and/or willful violations;

d. Awarding statutory damages under Texas Business and Commerce Code § 302.101 of $5,000 per violation;

e. Entering a permanent injunction prohibiting Defendants from placing further artificial or prerecorded voice calls without prior express consent and from engaging in the unlawful conduct described above;

f. Awarding attorneys' fees and costs as authorized by law;

g. Awarding pre- and post-judgment interest; and

h. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 19, 2026

Respectfully submitted,

JAVITCH LAW OFFICE

/s/ Mark Javitch
Mark Javitch (CA SBN 323729)
3 East 3rd Ave., Suite 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

Counsel for Plaintiff and the Proposed Classes